```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION

MARIE DURDIN,                    )
                                 )
        Plaintiff,                )
                                 )
   v.                            )    Case No. 3:06-0647
                                 )    Judge Echols
GREATER DICKSON GAS              )
AUTHORITY,                       )
                                 )
        Defendant.                )
```

## MEMORANDUM

Pending before the Court is Defendant Greater Dickson Gas Authority's ("Dickson Gas Authority's") Motion to Dismiss (Docket Entry No. 4), to which Plaintiff Marie Durdin has responded in opposition (Docket Entry No. 8) and Defendant has replied (Docket Entry No. 11).

## I.   FACTS

For present purposes, the facts need only be recounted briefly. This is an employment discrimination action in which Plaintiff claims she was subjected to harassment, retaliation and constructive discharge in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-401 *et seq.*, while employed as a technician for the Defendant. (Complaint ¶ 7). Plaintiff claims her working conditions were intolerable in that (1) she was repeatedly subjected to harassment, (2) her complaints about the harassment fell on deaf ears or led to retaliation, and (3) she was compelled to resign because of the hostile environment in which she was forced to work. She tendered

1

her resignation on March 17, 2005, and asserts she was constructively discharged. (Id. ¶ 9).

On May 11, 2005, Plaintiff filed a Charge of Discrimination with the Tennessee Human Rights Commission ("THRC"). (Docket Entry No. 5, Ex. 1). The factual background supporting that charge is 6½ single-spaced, typed pages and recounts in detail the alleged intimidation, retaliation, and harassment Plaintiff suffered while employed by Dickson Gas Authority. These are the same events which form the basis of the present lawsuit.

On October 27, 2005, the THRC issued a "Determination" in which it found no reasonable cause to believe that Dickson Gas Authority had engaged in discriminatory conduct. (Id., Ex. 2). Plaintiff was informed she could file a private action or file a request for reconsideration. (Id.). Plaintiff chose the latter route and on January 17, 2006, the THRC issued a denial of Plaintiff's request for reconsideration. In that denial, Plaintiff was informed she could file suit in state court within thirty days of receipt of the denial, or file suit in federal court within ninety days of receipt of a Right To Sue letter from the Equal Employment Opportunity Commission. (Id., Ex. 3).

On February 2, 2006, Plaintiff filed a Charge of Discrimination with the EEOC. The allegations in that charge are entirely different from the allegations made in the claim before the THRC or in the Complaint filed in this Court. The charge before the EEOC relates to alleged retaliation by Dickson Gas Authority post-termination and alleges Dickson Gas Authority "provid[ed]

2

unfavorable references in retaliation for my complaining of sexual harassment in violation of Title VII[.]"  The charge specifically identifies the time of the discriminatory action to have been between the date of Plaintiff's discharge (March 17, 2005) and the filing of the charge with the EEOC (January 31, 2006).  (Docket Entry No. 1 ¶ 9).

On May 8, 2006, the EEOC dismissed the charge which alleged Plaintiff had been subjected to post-termination retaliation and issued a Right to Sue Letter.  Plaintiff filed her Complaint in this action on June 27, 2006 alleging that "Plaintiff was subjected to an unlawful, sexually hostile workplace environment and retaliation for reporting sexual harassment" which resulted in her constructive discharge.

In short, Plaintiff complains about two different time periods and two separate situations.  In the claim before the THRC and in the Complaint filed in this Court, Plaintiff complains about alleged sexual harassment and retaliation while employed by the Dickson Gas Authority.  In the charge filed with the EEOC, Plaintiff complains about retaliation in the form of bad references after she left her employment with Dickson Gas.

## II.  **STANDARD OF REVIEW**

In evaluating the Complaint under Rule 12(b)(6), the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor.  See Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489 (6th Cir. 1990).  The Court should not dismiss the Complaint unless it appears beyond doubt that Plaintiff cannot prove any set

3

of facts in support of her claims that would entitle her to relief. See id.

Generally, when ruling on a Motion to Dismiss, a Court is limited to looking solely at the allegations of the Complaint. However, even where a document is not formally incorporated by reference or attached to a Complaint, the Court may nevertheless consider the document where the document is referred to in the Complaint and is central to Plaintiff's claim. See Greenburg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999); Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997). The reason for this rule is that "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Weiner, 108 F.3d at 89.

### III. APPLICATION OF LAW

Defendant moves to dismiss Plaintiff's claims under both Title VII and the THRA because they are untimely. While the Court agrees Plaintiff's claims under the THRA were not timely filed, based on the present record the Court cannot conclude her Title VII claims are untimely.

**A. Title VII Claims**

"It is well-established that a party's exhaustion of administrative processes for filing a claim of discrimination is a condition precedent to suit in the district court, rather than a jurisdictional prerequisite." Mitchell v. Chapman, 343 F.3d 811, 819-20 (6th Cir. 2006). Among those administrative processes is the requirement that "[a] Title VII plaintiff ordinarily must file a

4

civil action within ninety days of receiving a notice of dismissal and right to sue from the Equal Employment Opportunity Commission." Seay v. Tennessee Valley Authority, 339 F.3d 454, 469 (6th Cir. 2003).

In this case, Defendant asserts that Plaintiff's Complaint – which stems from the facts alleged in the claim before the THRC and relates to allegations of harassment and retaliation while Plaintiff was employed with Dickson Gas – was filed too late. This is so because it came some five months after the THRC denied Plaintiff's motion for reconsideration, and her later charge with the EEOC about post-termination retaliation did not revitalize the earlier charge filed with the THRC. Plaintiff disagrees and argues that because her Complaint was filed within ninety days of her receipt of a Right to Sue Letter in relation to the post-termination charge she filed directly with the EEOC, it was timely.

Though not argued by the Plaintiff, this Court finds a fundamental question exists which the present record does not answer and which precludes dismissal at this juncture. Defendant's argument is premised on the five-month period between the THRC's denial of Plaintiff's request for reconsideration and the filing of the Complaint.[1] What the Court does not know, however, is what action, if any, was taken by the EEOC in regard to the charges

---

[1] It could be this argument is not raised by Plaintiff because she received a Right to Sue letter relating to the claims raised before the THRC more than ninety days before the suit was filed. The Court, however, simply does not have this information before it at this time.

5

presented to the THRC, that is, the pre-termination allegations of sexual harassment and retaliation. According to the denial of the request for reconsideration by the THRA, Plaintiff had thirty days to file suit in state court. The denial also contained specific provisions relating to filing suit in federal court and stated:

> If a federal law is involved, this agency will send the Equal Employment Opportunity Commission (EEOC) a copy of this notice. The EEOC will then mail the parties notice of its closure of this case and/or a right to sue in federal court. Suit must be filed within 90 days of the receipt of the EEOC's notice of closure or right to sue.

(Docket Entry No. 5, Ex. 4).

While the Court has a copy of Plaintiff's charge with the THRC (Docket Entry No. 5, Ex. 1), copies of the THRC's initial Determination and denial of the request for reconsideration, (Id., Exs. 2 & 3), a copy of Plaintiff's post-termination charge with the EEOC (Id., Ex. 4) and the EEOC's Dismissal and Notice of Rights with respect to that charge (Id., Ex. 5), it does not have before it a copy of any document which suggests what may or may not have been done by the EEOC with respect to Plaintiff's initial charge with the THRC, or when or if the notice of final denial by the THRC was actually sent to the EEOC. As such, the Court cannot determine whether her Complaint was filed "within ninety days of receiving a notice of dismissal and right to sue from the Equal Employment Opportunity Commission," Seay, 339 F.3d at 469, with regard to the charges she had lodged with the THRC. Since "42 U.S.C. § 2000e-5(f)(1) states only that the ninety-day period will be triggered by receipt of the 'right to sue' letter from the EEOC[,] [r]eceipt of

the federal letter appears to be the exclusive mechanism for commencing the federal filing period." Vielma v. Eureka Co., 218 F.3d 458, 466 (5th Cir. 2000)(collecting cases). Accordingly, the Motion to Dismiss, insofar as it relates to Plaintiff's claims under Title VII, will be denied at this time.

**B.  THRA Claims**

"The THRA provides that a suit must be filed 'within one (1) year after the alleged discriminatory practice ceases.'" Booker v. The Boeing Co., 188 S.W.2d 639, 648 (Tenn. 2006)(quoting Tenn. Code Ann. 4-21-311(d)).  "The THRA's one-year limitations period for bringing a direct action in court is not tolled while any administrative charges are pending with the THRC and the EEOC." Pearison v. Pinkerton's Inc., 2003 WL 21212651 at *4 (E.D. Tenn. 2003) (collecting cases). Where a complainant files an administrative charge with the THRC and exhausts his or her administrative remedies, the complainant may seek judicial review of the THRC's conclusion by filing a Complaint within thirty days of the THRC's decision. Id.; Tenn. Code Ann. § 4-21-307(b); Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1484 (6th Cir. 1989).

To determine "whether claims under the THRA are time-barred, the court must first identify the discriminatory action." Mosby v. State Farm Mut. Auto. Ins. Co., 2005 WL 2600420 at *7 (M.D. Tenn. 2006). Under the allegations in the present Complaint which relate to harassment and retaliation while Plaintiff was employed by Dickson Gas Authority and which were the only claims presented to the THRC, the discriminatory action necessarily occurred on or

7

before March 17, 2005, when Plaintiff was allegedly constructively discharged. However, her Complaint was not filed until June 27, 2006. This date is more than one year after Plaintiff's alleged constructive discharge and more than thirty days after the January 17, 2006, denial of her request for reconsideration. Accordingly, Plaintiff's claims under the THRA are barred by the applicable statute of limitations.[2]

### IV. CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss will be granted in part and denied in part. The Motion will be granted with respect to Plaintiff's THRA claims but denied with respect to Plaintiff's Title VII claims.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff offers no argument which would allow for equitable tolling of the applicable limitations period. In fact, Plaintiff makes absolutely no argument with respect to the timeliness of her claims under the THRA.

8